UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KMJ SERVICES, INC., | CIVIL ACTION |
| VERSUS | NO. 07-5918 |
| SEACREST MARINE, L.L.C. | SECTION "N" (1) |

consolidated with

| | |
|---|---|
| SEACREST MARINE, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-6319 |
| KMJ SERVICES, INC. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court in these consolidated actions are a motion to dismiss for lack of subject matter jurisdiction (applicable to Civil Action Number 07-5918) and a motion to remand (applicable to Civil Action Number 07-6319). *See* Rec. Doc. Nos. 5 and 6. Opposing the motions, KMJ Services, Inc. ("KMJ") asserts the Court's admiralty and maritime jurisdiction.

Both of these actions involve a dispute regarding monies resulting from an agreement between the parties whereby KMJ would operate a vessel, the M/V BRAXTON PERRY ("BRAXTON") owned by Seacrest Marine, L.L.C. ("Seacrest"). Pursuant to that agreement, KMJ would operate the BRAXTON as part of its fleet and provide necessary working capital for insurance costs, crew wages, necessaries and repairs. In exchange, KMJ would receive a monthly operator's fee and a return of all of the expenses that it had advanced on behalf of the vessel. At

issue are funds presently still in KMJ's possession and additional funds that KMJ asserts it is owed because of prior overpayments. The parties disagree as to which party should bear the responsibility for any overpayments.

Relative to Civil Action Number 07-5918, which KMJ filed, the Court finds that the action is within its admiralty and maritime jurisdiction. The vessel management services performed by KMJ, pursuant to the parties' agreement, are maritime in nature. In dispute are the various monies resulting from and associated with that operation. Accordingly, the action is premised upon a maritime contract, and thus is a matter over which the Court has original subject matter jurisdiction. *See Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 608-12, 111 S. Ct. 2071, 2075-77 (1991); *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 704-05 (5th Cir. 1961); *Elmwood v. H & A Trading Co., Ltd.*, 1997 WL 781298, *14 (E.D. La.) (Duval, J.). Thus, **IT IS ORDERED** that Seacrest's motion to dismiss is **DENIED**.

Civil Action Number 07-6319 was filed in state court by Seacrest and then removed to this Court by KMJ. Although the dispute, for reasons stated with respect to Civil Action Number 07-5918, falls within the Court's admiralty and maritime jurisdiction, it nevertheless is not subject to removal absent an independent basis of subject matter jurisdiction. *See* 28 U.S.C. §§1441(a) and (b); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S. Ct. 468, 483 (1959); *Morris v. T.E. Marina Corp.*, 344 F.3d 439, 443-44 (5th Cir. 2003); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152-53 (5th Cir. 1996). Because these parties are not diverse and no other source of federal subject matter jurisdiction has been shown to exist, remand is

appropriate.[1]  Accordingly,  **IT IS ORDERED** that Seacrest's motion to remand (Rec. Doc. No. 6) is **GRANTED**.  Civil Action Number 07-6319 is remanded to the 17th Judicial District Court, Parish of Lafourche, State of Louisiana.

New Orleans, Louisiana, this 9th day of April 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] KMJ has conceded this issue in its supplemental memorandum.  *See*  Rec. Doc. No. 15.